COURT OF CHANCERY
OF THE
STATE OF DELAWARE

PATRICIA W. GRIFFIN
MASTER N CHANCERY

CHANCERY COURTHOUSE
34 The Circle
GEORGETOWN, DELAWARE 19947

Final Report:     January 9 2018
Date Submitted:   December 14, 2017


Ray Wayne Lynch
PO Box 007
Odessa, DE 19730

David J. Ferry, Jr., Esquire
Ferry Joseph, P.A.
824 N. Market Street, Suite 1000
PO Box 1351
Wilmington, DE 19899

RE:   *Ray Wayne Lynch v. Frank Barba*
      C.A. No. 12083-MG

Dear Counsel and Mr. Lynch:

The plaintiff, Raymond Lynch, filed an action against the Trustee of the Ethel M. Lynch Special Needs Trust, Francis Barba, seeking Mr. Barba's removal as Trustee and the termination of the Special Needs Trust ("SNT"), among other claims for relief. I issued a draft report on the Trustee's motion for summary judgment on November 3, 2017. Exceptions to the draft report were filed by Mr. Lynch and those exceptions are in the process of being briefed.

This addresses Mr. Lynch's petition requesting emergency funds from the SNT, which was filed on November 27, 2017. In his petition, Mr. Lynch stated that he sought $7,872.39 to pay off credit card debt and that all of the credit card debt was a "result of the litigation." No more detailed information concerning the basis of the credit card debt was provided. He requested an additional $1,536.70 in payment for tuition costs for his attendance at Pryor Learning Solutions/Evelyn Woods, a Real Estate Appraisal course, Richard Pryor Seminars, related travel expenses, and storage rental costs (to manage his files), which had previously been submitted to Mr. Barba in invoices dated September 27, 2017 (requesting the Richard Pryor Seminars and related travel expenses) or on October 38, 2017 (reiterating the previous request and including other expenses). The petition was considered, along with other petitions filed by Mr. Lynch, during a December 4, 2017 hearing. I determined, at the hearing, that the request for emergency funds was not ripe for decision and Mr. Barba was to respond to the request for emergency funds within 7 – 10 days of the hearing. Mr. Barba's December 14, 2017 response asserted that the petition does not allege emergency circumstances to justify expedited relief from the Court as monetary damages do not constitute irreparable harm, there has not been wrongful action on the part of Mr. Barba causing Mr. Lynch's claim for emergency funding, and Mr. Barba has complete

discretion in making payments from the trust. He also indicated that $1,680.85 had been paid to Mr. Lynch for expenses requested in the petition.

In deciding whether to grant a request for emergency or expedited relief, the factors to be considered are whether the claims sought are colorable or the likelihood of success, whether there is imminent irreparable harm to the moving party if this relief is not granted, and the balancing of the relative hardships on each party.[1] There is a heavy burden to meet to obtain emergency or expedited relief. I do not find that Mr. Lynch has met the burden of showing that he will suffer imminent, irreparable harm if his request for emergency funding is not granted.

Mr. Lynch's claim does not demonstrate that he will suffer imminent, irreparable harm unless the expenses claimed are paid to him from the SNT immediately. Mr. Lynch's requests relate to reimbursement of his monetary expenditures on educational or training classes, as well as for his credit card debts. Monetary loss is not sufficient to show irreparable injury to justify expedited

---

[1] *Cf. Maplewood Indus., Inc. v. Dep't of Nat. Res. & Envtl. Control*, 1989 WL 155944, at *3 (Del. Ch. Dec. 7, 1989)(citations omitted).

treatment if the injury can be remedied later by an award of damages.[2]   Mr.

Lynch's claims, if upheld, could be remedied through a subsequent damage award.

And, Mr. Barba's response indicates that some of the requested funding was paid

to Mr. Lynch in December 2017.   The largest portion of the requested funds is for

Mr. Lynch to pay off credit card debts.   Mr. Lynch has not shown that the credit

card debts fall within allowable expenses under the SNT,[3] nor what harm would

result if the SNT does not provide the funds for him to pay off the debts.   Since the

SNT provides the Trustee with great discretion in making distributions from the

trust[4], Mr. Lynch has not met his burden of showing Mr. Barba acted in violation

of the SNT by failing to distribute SNT funds to cover all of Mr. Lynch's claimed

expenses, and has not asserted emergency circumstances showing that he will

suffer imminent, irreparable harm, in order to justify the Court's granting

expedited treatment and relief related to his request for emergency funds.

---

[2] *E. Shore Envtl. v. Solid Waste Auth.*, 2001 WL 913994, at *1 (Del. Super. July 9, 2001), citing *Cantor Fitzgerald, L.P. v. Cantor*, 724 A.2d 571, 586 (Del. Ch. 1998).

[3] The SNT defines "special needs" as "the requisites for maintaining the beneficiary in good health, safety and welfare when, in the discretion of the trustee, such requisites are not being provided by any county, state, federal or other governmental agency which has a legal responsibility to serve persons with disabilities which are the same or similar to the impairments of [Mr. Lynch]." Def.'s Opening Br. in Supp. of Mot. for Summ. J., App. A-8, Special Needs Trust of Ethel M. Lynch, Art. V, at 4.

[4] The SNT states that, during Mr. Lynch's lifetime, the "trustee may pay to, or apply for the benefit of [Mr. Lynch] such amounts of principal or income, up to the whole thereof, as the trustee, in the trustee's sole and uncontrolled discretion, may from time to time deem necessary or advisable for the satisfaction of [Mr. Lynch's] special needs. . . ." *Id.*

For the reasons stated above, Mr. Lynch's November 27, 2017 petition requesting emergency funds is denied. This is my final report and exceptions may be taken pursuant to Court of Chancery Rule 144.

Sincerely,

/s/ Patricia W. Griffin

Patricia W. Griffin
Master in Chancery

PWG/kekz